[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to foreclose a mechanic's lien filed by the plaintiff, Pensiero Construction, on property owned by the defendant, 17 Cottontail Road, LLC.[1] The plaintiff brought a three count complaint against the defendant. In the first count, the plaintiff alleged that on May 1, 2000, it entered into a written contract providing that the plaintiff would furnish masonry services and materials with respect to a new home the defendant was constructing on its property located at 17 Cottontail Road in Greenwich; that the contract price was $45,000, of which the defendant has paid $22,000; that the plaintiff rendered services between May 11, 2000 and July 26, 2000; and that on September 1, 2000, the plaintiff filed a mechanic's lien for $24,000, which was later reduced to $13,000, as noted previously.
In the second count of the complaint, the plaintiff alleged that the defendant breached the written contract between the parties by refusing to pay the plaintiff for the services rendered and material furnished. In the third count, the plaintiff contended that the defendant was unjustly enriched by accepting the services and material without paying the balance due. The plaintiff seeks foreclosure of its mechanic's lien and possession of the subject premises, monetary damages and attorney's fees.
The defendant filed an answer denying the material allegations of the complaint, and it also filed special defenses and a counterclaim. In the first of the two special defenses, the defendant claimed that the plaintiff had failed to perform according to the terms of the contract. In the second special defense, the defendant alleged that the contract had been paid in full "by payment to [the plaintiffs] authorized agent, Domenico Fraioli."[2] In its counterclaim, the defendant argues that the plaintiff abandoned the project and that it was therefore obliged to spend additional money to complete the construction.
The case was tried to the court and the following facts were proven by a preponderance of the evidence. The plaintiff and the defendant signed a CT Page 14281 written contract for $45,000, and the defendant paid $12,000 on May 11, 2000, and an additional $10,000 on May 29, 2000. The project involved masonry work as the plaintiff was to construct chimneys and fireplaces, and to provide 16 tons of stone.
The plaintiff hired Domenico Freoli, a mason, as a subcontractor to do the actual work, and the plaintiff and Freoli had an understanding that the plaintiff would pay him $35,000 for his services. In the initial stages of the project, the plaintiffs chief officer, Anthony Pensiero, supervised the job by coming to the site several times a week. The defendant did not register any complaints and the job was completed in a satisfactory manner. The defendant did not claim that the mechanic's lien or the filing thereof violated any of the requirements of General Statutes § 49-34 regarding such liens.
The $22,000 the defendant paid to the plaintiff was immediately turned over to Freoli. On or about June 1, 2000, Freoli told the defendant that his two men had not been paid and that, if the defendant did not pay him some money, he and his workers would walk off the job. Thereafter, the defendant paid Freoli $27,000 directly, in seven payments of various amounts between May 31, 2000 and August 5, 2000. Thus, Freoli received a total of $49,000, paid to him either directly or indirectly by the defendant, which was $4,000 more than called for in the contract between the plaintiff and the defendant. This occurred because Freoli told the defendant that the job was costing more money than anticipated and that he must have an additional $4,000.
The plaintiff at this time seeks the recovery of $13,000, the current amount of the mechanic's lien, based on a lost profit of $10,000, which is the difference between $45,000 that it expected to receive from the defendant, and $35,000 that the plaintiff promised to pay Freoli for doing the work. In addition, the plaintiff seeks another $3,000 for furnishing stone to the job site.
The defendant argues that the subcontractor, Freoli, was substituted for the contractor, the plaintiff, and that this new arrangement was approved by the plaintiff and, hence, the defendant does not owe the plaintiff any money for his alleged lost profit of $10,000. Stanley Piasecki, a principal officer of the defendant LLC, testified plausibly and credibly that he had accidently met Pensiero at a store, told him that he was now paying Freoli directly, and that Pensiero agreed. Except for one telephone call, there was no further contact between the plaintiff and the defendant until the filing of the mechanic's lien.
This new arrangement was against the background of the defendant being CT Page 14282 unable to contact Pensiero despite many attempts to do so, and scheduled meetings which Pensiero failed to attend. Another confirmation that a new arrangement had occurred is that the property owner, the defendant, asked Freoli to provide a certificate of liability insurance before the defendant would agree to formally hire him. This was done on or about July 14, 2000. Moreover, Freoli testified credibly that he told Pensiero that he was now being paid directly by Stanley Piasecki of the defendant LLC and that the plaintiff did not register any complaint or disagreement.
The conclusion, based on these facts, is that the plaintiff has not demonstrated that it is owed $10,000 by the defendant who, otherwise, would be paying a total of $32,000 to the plaintiff, after having paid $27,000 to Freoli, a total of $59,000. The plaintiff accepted and agreed that its subcontractor, Freoli, could be substituted as the contractor on this project and, thus, willingly forfeited its opportunity to make a profit of $10,000, based on the difference between its contract for $45,000 with the defendant and its promise to pay Freoli $35,000. The defendant made a good faith and reasonable decision to pay Freoli directly because it appeared to him that the plaintiff had turned the job completely over to Freoli. However, the plaintiff did expend $3,000 of its own money purchasing and supplying the defendant with stone for this project. Hence, the debt owed the plaintiff by the defendant is $3,000, without prejudgment interest. Attorney fees are not being awarded at this point in the case, but the plaintiff may be entitled thereto based on General Statutes § 52-249 (e) at the time that a foreclosure of the lien is entered.
The defendant did not prove its special defense that the work was unsatisfactory, and the plaintiff is entitled to a judgment in its favor with respect to the counterclaim as well. The defendant did not prove that the plaintiff abandoned the job since Freoli finished the project in a satisfactory manner. The defendant obtained a certificate of occupancy in December of 2001, and later sold the subject premises. The evidence concerning a delay in completing the project because of a wrong size flue pipe and a claim for reimbursement for interest paid on a construction loan was vague and not included in the allegations of the counterclaim.
The defendant also did not prove the allegation in its counterclaim that it had to expend additional money to complete the project. Freoli asked the defendant for an additional $4,000 after Freoli took over the project with the defendant's consent. The defendant voluntarily and willingly agreed to pay Freoli an additional $4,000. There is no reason that the plaintiff should reimburse the defendant for this voluntary payment. CT Page 14283
The plaintiff is entitled to a foreclosure of its mechanic's lien in the amount of $3,000, and this case should now be claimed for the foreclosure short or motion calendar to fix and determine the type of foreclosure, date and all other details.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of November, 2002.
 ___________________ William B. Lewis, Judge (T.R.)